UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| STANLEY F. ZERKOWSKI, Administrator of the Estate of Robert Joseph Zerkowski and Administrator of the Estate of Patricia Ann Zerkowski,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM L. PATRICK, Administrator of the Estate of Kimberly Miller, and VILLAGE CAREGIVING, LLC,<br><br>    Defendants. | CASE NO. 5:23-CV-174-KKC<br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on plaintiff Stanley Zerkowski's motion to remand to state court. (DE 8.) For the following reasons, the Court grants his motion.

## I.  Background

Robert Joseph Zerkowski, a United States Navy veteran of the Korean War, possessed Veterans Affairs-sponsored health insurance through Optum United Healthcare VA Community Care Network. (DE 8-1 at 1.) When care for Mr. Zerkowski became difficult later in life, he and his wife, Patricia Ann Zerkowski, sought a caregiving service that accepted their VA-sponsored health insurance. (*Id.* at 1-2.) The Zerkowskis eventually chose Village Caregiving, LLC ("Village Caregiving") from a list of healthcare providers who accepted their particular insurance plan. (*Id.* at 2.) Village Caregiving assigned employee Kimberly Miller to the Zerkowskis' home—who, unbeknownst to the Zerkowskis, had "a prior history of DUIs, drug possession, endangering the welfare of a minor, purse snatching[,] and flagrant nonsupport." (*Id.*)

Throughout the duration of Miller's services to the Zerkowskis in May, June, and July of 2022, Plaintiff alleges that Village Caregiving left her unsupervised. (*Id.*) He further alleges that Miller "stole jewelry, CDs, crystal, silver, luxury purses, firearms[,] and cash and then proceeded to use their credit cards to purchase items for herself." (*Id.*) It was not until Mrs. Zerkowski passed away that Miller's alleged acts were discovered. (*Id.*) Miller committed suicide shortly after this discovery was made. (*Id.*)

Plaintiff, the surviving son of the Zerkowskis and administrator of their estates, brought suit against Miller's Estate and Village Caregiving alleging "conversion, negligence, negligent infliction of emotional distress, outrage, negligent hiring, retention, training, and supervising, vicarious liability[,] and breach of contract." (DE 1-1 at 4-10.) Village Caregiving subsequently invoked 28 U.S.C. § 1442(a)(1) to remove the case to federal court, arguing that Plaintiff's claims against it "arise solely from duties undertaken with the authority of the United States Department of Veterans Affairs[.]" (DE 10 at 1.) Plaintiff now moves to remand the case to state court. (DE 8.)

**II.  Analysis**

"A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally." *White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir. 2020) (citing 28 U.S.C. § 1441(a)). The removing party shoulders the burden of establishing federal jurisdiction under 28 U.S.C. § 1442(a)(1). *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017). "[R]emoval statutes are to be strictly construed, and 'all doubts should be resolved against removal.'" *Id.* (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007)).

Village Caregiving removed this case under § 1442(a)(1), which states that:

The United States or any agency thereof or any officer (*or any person acting*

2

> *under that officer*) of the United States or of any agency thereof, in an official or individual capacity, *for or relating to any act under color of such office* or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1) (emphasis added). When the removing party is not a federal officer, the Court applies a three-part test to determine whether removal is proper. "The removing party must demonstrate that: (1) it is a 'person' within the meaning of the statute who acted under a federal officer; (2) it performed the actions for which it is being sued under color of federal office; and (3) it raised a colorable federal defense." *Nappier v. Snyder*, 728 Fed.Appx. 571, 574 (6th Cir. 2018) (internal quotations and citations omitted). The parties do not dispute that Village Caregiving is a "person" under the statute.

Village Caregiving argues that it acted under a federal officer within the meaning of § 1442(a)(1) because it "acted under the direction and control of the VA" "at all times relevant to the Complaint[.]" (DE 10 at 3.) The Supreme Court has previously defined this "acting under" requirement:

> In this context, the word "under" must refer to what has been described as a relationship that involves "acting in a certain capacity, considered in relation to one holding a superior position or office." That relationship typically involves "subjection, guidance, or control." In addition, precedent and statutory purpose make clear that the private person's "acting under" must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior.

*Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 151-52 (2007) (citations omitted). The removing party must show that it was "in a relationship with the federal government where the government [was] functioning as the defendant's superior." *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845, 858 (6th Cir. 2023) (quoting *Mays*, 871 F.3d at 444). "[T]he help or assistance necessary to bring a private person within the scope of the statute does not include simply *complying* with the law." *Watson*, 551 U.S. at 152.

3

Village Caregiving argues that it satisfied this requirement because the underlying claims arose "solely from the caregiving it provided pursuant to the VA's referral and because that assistance went beyond simple compliance with the law." (DE 10 at 6.) It claims that the "VA's own website details its direction and monitoring of providers in the VA CCN program." (*Id.*) The website describes how the program is intended to ensure timely, high-quality care and "uses industry-standard approaches and guidelines to administer, promptly pay for services and manage the network to its full potential." (*Id.*) It further claims that all services provided were required to be authorized by the VA and that it was not merely complying with the law because "the VA asked Village Caregiving to perform a new duty—providing care to Mr. Zerkowski." (*Id.*) The Court finds this argument unpersuasive.

The oversight and direction of the government exercised upon the removing party is a crucial aspect of this first element. The Sixth Circuit has found that a removing party acts under a federal officer when it "provide[s] a service subject to the government's *extensive direction and control.*" *Hudak*, 58 F.4th at 859 (emphasis added). Plaintiff argues that Village Caregiving has not met their burden in showing that it has jurisdiction under the statute because there is a lack of support that it acted under a federal officer. (DE 8-1 at 5.) Plaintiff points out that Village Caregiving has *not* shown that: (1) the VA had any direct guidance or control over the care administered by Village Caregiving through Miller to the Zerkowskis; (2) the care provided by Village Caregiving was different than the services provided to non-VA families; (3) the VA had any authority to hire or fire Miller; (4) the VA controlled the means by which Miller provided caregiving services to the Zerkowskis; and (5) the VA controlled the comings and goings of Miller from the Zerkowskis' home. (*Id.*) Without this support, Plaintiff argues that removal under § 1442 was inappropriate and

remand is the proper course of action.

The Court agrees that Village Caregiving has failed to show that it acted under a federal officer. The only support that Village Caregiving provides in its response to the motion to remand are quotes taken from a VA webpage regarding the Community Care Network.[1] These quotes are insufficient to show that it acted under a federal officer by providing services to the Zerkowskis. If anything, these quotes are generalities and broad descriptions of the program in order to entice providers into joining the network. Nothing on the webpage shows that the VA maintains discretion over providers' services. Further, nothing shows that the VA had any control or direction over Village Caregiving's services *to the Zerkowskis*. The quotes that Village Caregiving invokes are simply aspirations for the program, not strict guidelines or rules that enrolled providers are required to follow. They do not show that providers lack control over their caregiving services while enrolled in the Community Care Network.

Village Caregiving has not provided any other support for their allegations. It has provided no contract or agreement between it and the VA, nor has it provided any communications between it and the VA. It has not shown that the VA retained any authority over the caregiving services provided nor the hiring, firing, and supervision of Village Caregiving's employees. It points only to one VA webpage, which, as discussed above, does not support its claims for proper removal. Accordingly, Village Caregiving has not met its burden and the Court finds that it was not acting under a federal officer in providing care to the Zerkowskis.

---

[1] The URL provided in Village Caregiving's response (DE 10 at 6) is incorrect. Upon further research, the Court found the webpage containing the quotes that it intended to link. *See Community Care Network–Information for Providers*, U.S. Dep't of Veterans Affs., https://www.va.gov/COMMUNITYCARE/providers/Community-Care-Network.asp#Join (last updated Nov. 7, 2023).

Because the Court finds that Village Caregiving failed to satisfy the first prong of the § 1442(a)(1) test because it was not acting under a federal officer, it follows that it does not meet the second prong. The Court declines to analyze the third prong.

### III.     Conclusion

For the aforementioned reasons, the Court hereby ORDERS that:

1)      Zerkowski's motion to remand (DE 8) is GRANTED;

2)      Village Caregiving's motion to dismiss (DE 5) is DENIED as moot; and

3)      all claims are REMANDED to Jessamine Circuit Court.

This 14th day of December, 2023.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY